# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2015

Lyle W. Cayce
Clerk

No. 14-40795
Summary Calendar

DAVID LEE BALLARD,

Plaintiff-Appellant

v.

JENNIFER RAYBURN, Phlebotomist at Eastham Unit,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:14-CV-22

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

David Lee Ballard, Texas prisoner # 574921 (formerly # 537173), appeals the district court's dismissal of his 42 U.S.C. § 1983 suit as frivolous and for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(i),(ii).   He maintains that his constitutional rights were infringed when the defendant injured his arm while drawing his blood.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40795

We conduct a de novo review of the dismissal. *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). A complaint is frivolous if it lacks an arguable basis in either law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A complaint fails to state a claim upon which relief may be granted "when it does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (internal quotation marks and citation omitted). Ballard has shown no error in the district court's conclusion that he had failed to raise a claim upon which relief could be granted because his allegations showed no more than negligence, which is insufficient to show that a defendant has acted with deliberate indifference to a prisoner's serious medical needs. *See Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999). Because this appeal presents no legal points arguable on their merits, it is dismissed. *See* 5TH CIR. R. 42.2.

The district court's dismissal of Ballard's complaint and our dismissal of this appeal as frivolous both count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Ballard has at least one previous strike. *Ballard v. Simien*, No. 4:07-cv-00791 (S.D. Tex. Apr. 3, 2008); *Ballard v. Simien*, No. 08-20253 (5th Cir. April 23, 2009); *Adepegba*, 103 F.3d at 385-87. Because Ballard has now accumulated at least three strikes, he is barred from proceeding in forma pauperis while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." *See* § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.